UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADAM WAYNE CAMPBELL,

    Defendant.
_____/

Case No. 1:20-cr-144

Hon. Hala Y. Jarbou

**OPINION**

In May 2021, the Court sentenced Adam Wayne Campbell to a term of 103 months for being a felon in possession of a firearm. He has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, raising three grounds for relief. (§ 2255 Mot., ECF No. 82.) The Government has responded. (ECF No. 90.) For the reasons herein, the Court will deny the motion.

**I. BACKGROUND**

In August of 2020, Campbell broke into a federally licensed firearms dealer and stole 18 firearms. (Corr. Plea Agreement, ECF No. 45, PageID.138.) When Campbell committed this robbery, he had already been convicted of a felony. (*Id.*) A grand jury indicted Campbell on two counts: Count 1 charged him with stealing firearms from a licensed firearm dealer, in violation of 18 U.S.C. § 924(m); and Count 2 charged him with possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 18, PageID.34-36.)

While detained and awaiting trial, Campbell filed a motion for pretrial release. (Def's Mot. for Release, ECF No. 29.) Campbell argued that pretrial release would allow him the best chance of keeping his parental rights in a pending state court matter. (*Id.*, PageID.58; Bond Hr'g Tr., ECF No. 72, PageID.371-72.) At the bond hearing, the magistrate judge raised concerns regarding Campbell's ability to maintain parental custody because, even if released, he would likely serve a

lengthy prison sentence. (Bond Hr'g Tr., PageID.374.) The magistrate judge told Campbell that, based on his past criminal history, including "21 criminal convictions [and] six felonies," along with the new felon-in-possession charge, "five years [would be] a pretty common sentence for that charge." (*Id.*, PageID.374, 383.) Defense counsel agreed with the Court, stating, "I agree kind of with your assessment of what we would expect sentencing-wise," and "I think you're right." (*Id.*, PageID.377.)

Campbell later pled guilty to Count 2 under a plea agreement. (Corr. Plea Agreement, PageID.135.) In exchange for the plea, Campbell waived "all rights to appeal or collaterally attack his conviction, sentence, or any other matting relating to this prosecution, except as listed below." (*Id.*, PageID.145.) Two of those exceptions included (1) Campbell's right to appeal if "the District Court incorrectly determined the advisory Guidelines range applicable to [him] if [he] objected at sentencing on that basis" and (2) if an "attorney who represented [him] during the course of [his] criminal case provided ineffective assistance of counsel." (*Id.*, PageID.146.)

In the plea agreement, Campbell acknowledged that he understood the penalties, including the possibility of facing the 10-year maximum term of imprisonment. (*Id.*, PageID.136.) Campbell also "underst[ood] that, although the Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant." (*Id.*, PageID.143.) Campbell also confirmed that he and "the U.S. Attorney's Office [had] no agreement as to the applicable Sentencing Guidelines factors or the appropriate Guidelines range." (*Id.*, PageID.144.) Campbell understood "that no one—not the prosecutor, the defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory minimum and maximum." (*Id.*, PageID.147.) Having read, reviewed, and signed the whole agreement, "freely, knowingly, and

voluntarily," Campbell told the Court that he understood "that if the sentence [wa]s more severe than [he] expected, [he would] still be bound by [his] plea, and [he] won't have the right to withdraw it." (*Id.*, PageID.148; Plea Hr'g Tr., ECF No. 46, PageID.151-52, 156, 163.) Campbell's trial counsel has since filed an affidavit stating that counsel "never made promises to . . . Campbell regarding what his sentencing guidelines would be" and that he "repeatedly told Mr. Campbell that [he] could not promise what his guidelines would be." (Graham Aff., ECF No. 86, PageID.431.)

In its final presentence report, the Probation Office recommended a base offense level of 20, a four-level enhancement due to the quantity of firearms stolen, a two-level enhancement due the offense involving stolen firearms, another four-level enhancement for possession of firearms in connection with another felony offense (i.e., theft of firearms from a federal firearms licensee), and a three-level reduction for acceptance of responsibility and cooperation, resulting in a total offense level of 27. (PSR, ECF No. 50, PageID.234-35.) Campbell objected to the presentence report, arguing that the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) for possession of stolen firearms constituted impermissible double counting because he also received a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for theft of firearms. (*Id.*, PageID.256.) The Government responded, arguing that the two different enhancements did not qualify as double counting because the enhancements punished different aspects of his conduct. (*Id.*, PageID.257-258.)

At sentencing, the Court overruled Campbell's objection and a related motion for a downward variance. (Sent. Tr., ECF No. 68, PageID.324, 345.) The Court granted the Government's motion for a downward departure, awarding a three-level departure for Campbell's substantial assistance. (*Id.*, PageID.327.) This brought Campbell's total offense level to 24,

3

resulting in a guidelines range of 92-115 months.  (*Id.*)  The Court sentenced Campbell to 103 months in custody.  (*Id.*, PageID.351.)

After sentencing, Campbell appealed his conviction to the Sixth Circuit.  On appeal, Campbell raised "two arguments as to why (in his view) the application of that enhancement amounted to double counting.  The first argument is the one he made to the district court: he says that the application of both the two-level and four-level enhancements punished him twice 'for indistinguishable conduct.'"  *United States v. Campbell*, No. 21-1493, 2022 WL 1224551, at *1 (6th Cir. Apr. 26, 2022).  The Court of Appeals rejected this argument, holding that this Court correctly applied both enhancements because they punished different aspects of Campbell's conduct.  *Id.*

Second, Campbell argued "that 'the exact same conduct that supported the offense of conviction  (i.e., being a felon in possession) also supported the other felony offense (e.g., the burglary).'"  *Id.* at *2.  However, the Court of Appeals found that Campbell waived this argument: "Campbell did not raise this argument at sentencing.  And in his plea agreement, Campbell waived all challenges to his Guidelines range unless he 'objected at sentencing on that basis.'"  *Id.*  The Court of Appeals, therefore, affirmed this Court's judgment.  *Id.*

## II. STANDARDS

### A. § 2255

A prisoner who moves to vacate his sentence under § 2255 must show that his "sentence was imposed in violation of the Constitution or laws of the United States, [] the court was without jurisdiction to impose such a sentence, [] the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack."  28 U.S.C. § 2255.  To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."

4

*Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Castro v. United States*, No. 1:21-cv-858, 2022 WL 17175017, at *3 (W.D. Mich. Nov. 23, 2022) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a defendant "must show that his counsel provided deficient performance and that the deficient performance prejudiced his defense so as to render the [proceedings] unfair and the result unreliable." *Haight v. Jordan*, 59 F.4th 817, 831 (6th Cir. 2023) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Surmounting *Strickland*'s high bar is never an easy task." *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020) (quoting *Padilla v. Kentucky*, 55 U.S. 356, 371 (2010)).

Under the first prong of *Strickland*, an attorney's performance is deficient if the defendant can "show that the counsel's representation fell below an objective standard of reasonableness." *Haight*, 59 F.4th at 831 (citing *Strickland*, 466 U.S. at 687-88). "The reviewing court's scrutiny of counsel's performance is deferential" and the Court presumes counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (quoting *Strickland*, 466 U.S. at 690).

Under the second prong of *Strickland*, deficient performance will be prejudicial when the defendant can "show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (*citing Strickland*, 466 U.S. at

694). "[I]t is not enough for the defendant to show that the errors [merely] had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

### C. Procedural Default

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

### D. Evidentiary Hearing

After reviewing a defendant's motion under § 2255, the Government's response, and the record of the prior proceedings, the Court must determine whether an evidentiary hearing is warranted. Rule 8, Rules Governing Section 2255 Proceedings. "When there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Clark v. Warden*, 934 F.3d 483, 494 (6th Cir. 2019) (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir.2013) (citation omitted)). "This obligation is not triggered, however, if the allegations 'are contradicted by the record, inherently incredible, or conclusions rather than statements of facts.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. ANALYSIS

#### A. Ground One: Ineffective Assistance of Appellate Counsel

Campbell argues that his appellate counsel provided ineffective assistance because counsel "made an argument to a[n] enhancement that was not raised at sentencing." (§ 2255 Mot.,

6

PageID.409.) Because of this, Campbell argues, the appellate court affirmed his judgment "sole[l]y because [his appellate attorney] made a[n] argument for something that was not on [the] record." (*Id.*) The Sixth Circuit did reject appellate counsel's second argument because "Campbell waived all challenges to his Guidelines range unless he 'objected at sentencing on that basis.'" *Campbell*, 2022 WL 1224551, at *2. However, Campbell has not shown how raising this argument on appeal amounted to ineffective assistance of counsel or otherwise affected the outcome of his appeal.

Campbell does not claim his appellate counsel was ineffective because he "failed to raise" an argument. *See Pollini v. Robey*, 981 F.3d 486, 495 (6th Cir. 2020). Campbell also does not identify any other argument that could have succeeded if his counsel raised it on appeal. *See Shelton v. United States*, No. 19-5025, 2019 WL 13127583, at *1 (6th Cir. Apr. 4, 2019) (explaining that the movant failed to make a substantial showing that another argument would have succeeded and therefore would have made a difference in the judgment). Raising an argument, even if that argument is unsuccessful, usually indicates that appellate counsel was performing their role in an objectively reasonable manner.

Also, Campbell has not shown prejudice. If Campbell's appellate counsel did not raise the second argument on appeal, the Court of Appeals still would have affirmed the district court's judgment. Raising that second argument could not have impacted the success of Campbell's other argument.

For all these reasons, Campbell's first claim is meritless.

### B. Ineffective Assistance of Trial Counsel

Campbell also argues that he was denied his Sixth Amendment right to effective assistance from his trial attorney. Campbell claims that trial counsel misled him "into thinking [his]

7

sentencing guidelines were 46-57 months." (§ 2255 Mot., PageID.410.) Campbell alleges that this alleged misrepresentation occurred "[d]uring [the] bond hearing [in] November 2020" when his attorney and the judge "discuss[ed] [his] guideline range . . . (see transcripts)." (*Id.*) But the transcript from the bond hearing does not support Campbell's claim. And even if Campbell was somehow misled, his plea agreement corrected any confusion.

### 1. Campbell Was Not Misled at the Bond Hearing

At the bond hearing, the magistrate judge asked Campbell's attorney for a "tentative scoring" of the sentencing guidelines, but the attorney could not provide one because he "brought a different prosecution memo" and did not have an estimate on hand. (Bond Hr'g Tr., PageID.374.) However, the magistrate judge told Campbell that his criminal history would put him "near the top of the criminal history guideline range" and that Campbell would likely "get at least five years," which would be "a pretty common sentence" for a charge of felon in possession of a firearm. (*Id.*, PageID.374-375.) Campbell's counsel agreed with the judge's prediction, stating, "I agree kind of with your assessment of what we could expect sentencing wise," and "I think you're right." (*Id.*, PageID.377.) Nowhere in the transcript is there a discussion of a guidelines range of 46-57 months. On the contrary, the magistrate judge and defense counsel discussed that Campbell likely faced at least five years, i.e., 60 months, of incarceration.

In addition to the hearing transcript, the affidavit filed by Campbell's trial counsel also contradicts his claim. In the affidavit, Campbell's trial counsel states that he "never made promises to Mr. Campbell regarding what his sentencing guidelines would be" and that he "repeatedly told Mr. Campbell that [he] could not promise what his guidelines would be." (Graham Aff., ECF No. 86, PageID.431.) Campbell provides no evidence to dispute this statement or to show that his trial counsel misled him.

8

## 2. Campbell Understood the Possible Range of His Sentence

In addition, Campbell's ineffective assistance claim fails because he fails to establish any prejudice. Even if his trial counsel's performance fell below the objective standard of reasonableness at the bond hearing, which it did not, Campbell received additional guidance regarding his possible sentencing range in his plea agreement and at his plea hearing. A trial court's proper plea colloquy cures all misunderstandings a defendant may have regarding the conditions of the plea he has agreed to take. *Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016); *Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir. 1999) ("[T]he trial court's 'clear and thorough plea allocation' apprising the defendant of the 'actual sentencing possibilities' prevented the defendant from showing actual prejudice under *Strickland* (internal citation committed)). Any misleading information provided by a defendant's counsel about sentencing can be cured during the plea hearing where the defendant has "confirmed that he had reviewed the plea agreement with [counsel], that he understood the agreement's provisions, [] that the plea was voluntary," that "he was fully aware that no particular sentence was being promised when he entered the guilty plea and that the district judge, and no one else, would determine the final sentence." *Id.*

Here, Campbell acknowledged in his plea agreement "that no one—not the prosecutor, the defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory minimum and maximum." (Corr. Plea Agreement., PageID.147.) Campbell signed the plea agreement and acknowledged that he had read and reviewed it. (Plea Hr'g Tr., ECF No. 46, PageID.163-64.) He also confirmed that he was not promised anything other than what was contained in the agreement. (*Id.*, PageID.163.) And he confirmed that he had discussed the sentencing guidelines that might apply to his case with his attorney, that the Court would determine the guideline range after a

9

presentence report had been completed, and that the Court could impose a sentence more or less severe than what the guidelines provided for. (*Id.*, PageID.155-156.)

In short, the record refutes Campbell's claim. Thus, it is meritless.

### C. The Substantial Assistance Point Reduction Under U.S.S.G.§ 5K1.1

Next, Campbell argues that "[t]he [g]overnment made error when deducting [his] proffer points for cooperation." (§ 2255 Mot., ECF No. 82, PageID.412.) Campbell contends that his three-level reduction for cooperation and acceptance of responsibility should have been awarded "after [the] adjustment to his max of 10 years" and believes "the government" erred in "award[ing] his 3 points before adjusting his guidelines to his max." (*Id.*) There are multiple problems with this argument.

First, Campbell incorrectly states that *the Government* awarded this three-point reduction. Instead, *the Court* decided that the reduction was warranted after considering the Government's recommendation.

Second, this argument is barred by Campbell's plea agreement. In exchange for the plea, Campbell waived his "rights to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution," subject to a few exceptions. (Corr. Plea Agreement, PageID.145.) One of the listed exceptions applies when "the District Court incorrectly determined the advisory Guidelines range applicable to [him], if [he] objected at sentencing on that basis." (emphasis added). (*Id.*, PageID.145-46.) But this exception does not apply because Campbell did not make an objection on this basis at sentencing. None of the other five exceptions listed in the plea agreement would allow Campbell to raise this argument here.

Campbell entered into the plea agreement "freely, knowingly, and voluntarily." (*Id.*, PageID.148.) "It is well-settled that a knowing and voluntary waiver of a collateral attack is

10

enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). "A voluntary plea agreement 'allocates risk,' *id.* at 440, and Campbell took a favorable plea agreeing to waive "all rights to appeal or collaterally attack his conviction sentence" unless an exception listed in the plea agreement applied. (Corr. Plea Agreement, PageID.145.)

Third, the rule of procedural default also bars Campbell's claim. This rule provides that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows either (1) 'cause' and 'actual prejudice' or (2) 'actual innocence.' *Massaro v. United States*, 538 U.S. 500, 504 (2003). In his direct appeal, Campbell did not raise this sentencing argument. Additionally, Campbell does not assert, let allow show, either cause and prejudice or actual innocence for the Court to consider the claim now. Because Campbell did not object at trial to the way in which the Court applied the three-point departure for his substantial assistance, the plea agreement and the rule of procedural default bar him from raising this claim in his § 2255 motion.

Finally, Campbell is misguided in thinking that the Court must adjust the offense level under the guidelines according to the statutory maximum allowable term for the offense. That is not the case. Although the final sentence imposed cannot exceed the statutory maximum, the guidelines range is generally calculated independently from the maximum sentence allowed by statute. Indeed, it is not uncommon for a sentencing range calculated by the guidelines to exceed the statutory maximum. What happens in those circumstances is that the Court imposes a sentence at or below the statutory maximum. The Court does not, as Campbell suggests, base its initial calculations on an offense level that corresponds to a sentencing range within the statutory maximum. Thus, Campbell's claim is waived, procedurally barred, and meritless.

11

## IV. CONCLUSION

In summary, Campbell's claims are meritless and/or barred by procedural default or his plea waiver. Nevertheless, the Court must decide whether an evidentiary hearing is warranted. *See* Rule 8, Rules Governing Section 2255 Proceedings. Because Campbell's sentencing argument is barred by the plea agreement and the rule of procedural default, no evidentiary hearing is warranted on that ground. Additionally, Campbell's ineffective assistance of counsel claims do not warrant an evidentiary hearing. Campbell has not provided a sufficient basis for his claims to create a factual dispute. In short, Campbell is not entitled to an evidentiary hearing because "'the record conclusively shows that [he] is entitled to no relief.'" *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Accordingly, the Court will deny Campbell's motion for relief under § 2255.

Finally, the Court must determine whether to issue a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B). *See* Rule 11, Rules Governing 2255 Proceedings. After reviewing each of the issues presented, the Court concludes that reasonable jurists would not find that the resolution of Campbell's claims was "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court will also deny a certificate of appealability.

The Court will enter an order that is consistent with this Opinion.

Dated: April 21, 2023                     /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE